RECEIVED
IN ALEXANDRIA, LA.

JAN 2 7 2010

_____ CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| ARNOLD P. MCCALLON, JR. (DOC #363764) | DOCKET NO. 09-CV-805; SEC. P |
|---|---|
| VERSUS | JUDGE DEE D. DRELL |
| OFFICER LYNN, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint (42 U.S.C. §1983) filed on May 14, 2009, *in forma pauperis,* by pro se Plaintiff Arnold P. McCallon. Plaintiff is an inmate in the custody of the Louisiana Department of Public Safety and Corrections, and he is incarcerated at the Concordia Parish Correctional Facility. He names as defendants Officers Lynn, Cox, Lemoine, and Turner, and he claims that the defendants deprived him of access to the courts and subjected him to cruel and unusual punishment. Plaintiff was ordered to amend his complaint by December 21, 2009.

## LAW AND ANALYSIS

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "for failure of the plaintiff to prosecute or to comply with ... any order of court...." The district court also has the inherent authority to dismiss an action sua sponte, without motion by a defendant. Link v. Wabash R.R.Co., 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to

avoid congestion in the calendars of the [d]istrict [c]ourts." McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988).

Plaintiff was ordered to amend his complaint on November 20, 2009. [Doc. #4] Plaintiff's amended complaint was due by December 21, 2009. Because Plaintiff has not responded to the Court's Order, and because the time for filing Plaintiff's response expired over thirty days ago, **IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b).

## OBJECTIONS

**Under the provisions of 28 U.S.C. Section 636(b)(1)(c) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.**

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by**

**the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

Thus done and signed at Alexandria, Louisiana, this 26th day of January, 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE